IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**HERVE GERARD OKELE AYISSI,** : CIVIL NO. 1:13-CV-0139
    **Plaintiff** :
:
    **v.** :
:
**EVANGELIA A. KLAPAKIS,** *USCIS* :
*Field Office Director, Philadelphia, PA*, :
:
    **Defendant** :

# M E M O R A N D U M

## I.    Background

Plaintiff, Herve Gerard Okele Ayissi (Ayissi), filed a complaint against Defendant Evangelia A. Klapakis, the United States Citizenship and Immigration Services ("USCIS") Field Office Director in Philadelphia, Pennsylvania, pursuant to 8 U.S.C. § 1447(b) or, possibly, 8 U.S.C. § 1421(c). Ayissi seeks review of a denial by the USCIS of his application for naturalization. He claims that USCIS violated 8 U.S.C. § 1447(b) in that the agency acted in an arbitrary and capricious manner in their ruling. (Doc. 1, pp. 2, 3.) Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The motion has been fully briefed and is ripe for disposition.

## II.    Abbreviated Procedural Facts

Ayissi first applied for naturalization by filing form N-400 with USCIS on May 18, 2009. (Doc. 1, p. 4(2).) On September 27, 2011, USCIS issued an intent to deny the N-400 application based on false testimony. (Doc. 1-3, pp. 30-35.) On March 28, 2012, the USCIS denied the N-400 application. Ayissi did not file an administrative appeal of the denial of his N-400 application. On June 5, 2012, Ayissi

filed another N-400 application. On January 16, 2013, the USCIS denied this application. Ayissi did not request an administrative appeal of this determination. On January 22, 2013, Ayissi filed the instant complaint in which he seeks review of the USCIS's decision under 8 U.S.C. § 1447(b).

**III.**     **Discussion**

Title 8 U.S.C. § 1447(b) provides:

> (b) Request for hearing before district court. If there is a failure to make a determination under section 335 [8 USCS § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

It is Ayissi's argument that because the USCIS's decision was rendered beyond the 120-day period,[1] that this court has jurisdiction over the naturalization proceeding. USCIS argues that this court is without jurisdiction because even though its decision was issued 126 days after they interviewed Ayissi, the final decision was rendered before Ayissi sought judicial review and, therefore, this court lacks jurisdiction over the naturalization application. (Doc. 20, p. 11.)

In *Al Hamati v. Gonzolez*, 2010 WL 623716*4 (E.D. Mo. 2010), the court held that

> the Defendants are entitled to dismissal of Plaintiff's claims under § 1447(b) for lack of subject matter jurisdiction. That provision [§1447(b)] does not permit district courts to assume jurisdiction over a naturalization application where CIS adjudicated the application before

---

[1]The Third Circuit Court of Appeals has held that the 120 day period begins after the USCIS interviews the applicant. *Reynolds v. USCIS*, 523 Fed. Appx. 178 (Mem), 2013 WL 3481746 (3d Cir. 2013.

2

> the filing of the district court action – even if CIS's
> resolution of the application does in fact take more than
> 120 days.

Thus, this court is without jurisdiction under 8 U.S.C. § 1447(b).

The USCIS sets forth that should Ayissi be seeking relief pursuant to 8 U.S.C. § 1421(c), he has failed to exhaust the required administrative remedies before seeking judicial review. USCIS acknowledges that Ayissi does not cite 8 U.S.C.> § 1421(c), and this court does not place that expansive interpretation of the complaint. To the extent, however, that judicial minds might differ, this court adopts the reasoning of USCIS in its brief (Doc. 20, p. 11) on this issue. This court is also without jurisdiction under 8 U.S.C. § 1421(c).

On October 15, 2013, Ayissi filed a reply brief (Doc. 26) to the USCIS's opposition to his request for a court hearing. In that brief, Ayissi seeks relief pursuant to 5 U.S.C. § 702 (Administrative Procedure Act). Title 5 U.S.C. § 704 of the Administrative Procedure Act provides agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." Since Ayissi has an adequate procedure for review of the denial of his naturalization proceedings under 8 U.S.C. § 1421(a), he cannot have a review pursuant to Title 5 U.S.C. § 704.

### IV. Conclusion

For the foregoing reasons, the complaint will be dismissed for lack of jurisdiction. An appropriate order will be issued.

                                    s/Sylvia H. Rambo
                                    United States District Judge
Dated: November 21, 2013.

3